Jeffrey W. Levitan
Michael T. Mervis
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
(212) 969-3000

*Attorneys for Defendant*
*45220, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BH S&B HOLDINGS LLC, *et al.*, | : | Case No. 08-144604 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------ x

| | | |
|---|---|---|
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of DEBTORS, | : | |
| | : | |
| Plaintiffs, | : | Adv. Pro. No. 09-01352 (MG) |
| | : | |
| v. | : | |
| | : | |
| 45220, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------ x

# **ANSWER**

Defendant 45220, Inc. ("Defendant"), for its Answer to the Complaint ("Complaint") filed by the Official Committee of Unsecured Creditors for BH S&B Holdings LLC, *et al.* (the "Committee") in the above-captioned adversary proceeding, states as follows:

1. Responds to the allegations in paragraph 1 of the Complaint by stating that the Committee purports to bring the above-captioned adversary proceeding pursuant to 11 U.S.C. §§

547-550 to set aside and recover alleged transfers and by denying that the Committee is entitled to any such relief or that Defendant has any such liability.

2. Responds to the allegations in paragraph 2 of the Complaint by stating that they are comprised solely of conclusions of law, to which no response is required.

3. Responds to the allegations in paragraph 3 of the Complaint by stating that they are comprised solely of conclusions of law, to which no response is required.

4. Responds to the allegations in paragraph 4 of the Complaint by stating that they are comprised solely of conclusions of law, to which no response is required.

5. Responds to the allegations in paragraph 5 of the Complaint by stating that they are comprised solely of conclusions of law, to which no response is required.

6. Upon information and belief, admits the allegations in paragraph 6 of the Complaint.

7. Upon information and belief, admits the allegations in paragraph 7 of the Complaint.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Repeats and realleges its responses to paragraphs 1-8 of the Complaint as if fully set forth herein.

10. Responds to the allegations in paragraph 10 of the Complaint by stating that the Committee purportedly seeks to recover avoidable transfers pursuant to 11 U.S.C. § 547(b) and by denying that the Committee is entitled to any such relief or that Defendant has any such liability.

11. Responds to the allegations in paragraph 11 of the Complaint by stating that within ninety days of the Petition Date Defendant received from one of the Debtors two checks totaling $4,030,000, and by otherwise denying the allegations in paragraph 11 of the Complaint.

12. Responds to the allegations in paragraph 12 of the Complaint by stating that within ninety days of the Petition Date Defendant received from one of the Debtors two checks totaling $4,030,000, and by otherwise denying the allegations in paragraph 12 of the Complaint.

13. Admits that the sum of $4,030,000 Defendant received from one of the Debtors was paid to or for the benefit of Defendant and otherwise denies the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Repeats and realleges its responses to paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Responds to the allegations in paragraph 19 of the Complaint by stating that the Committee purportedly seeks to recover avoidable transfers pursuant to 11 U.S.C. § 548 and by denying that the Committee is entitled to any such relief or that Defendant has any such liability.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Repeats and realleges its responses to paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Responds to the allegations in paragraph 24 of the Complaint by stating that the Committee purportedly seeks to recover avoidable transfers pursuant to 11 U.S.C. § 549 and by denying that the Committee is entitled to any such relief or that Defendant has any such liability.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Responds to the allegations in paragraph 26 of the Complaint by stating that Defendant did not receive any post-petition payments and by otherwise denying the allegations in paragraph 26 of the Complaint.

27. Responds to the allegations in paragraph 27 of the Complaint by stating that Defendant did not receive any post-petition payments and by otherwise denying the allegations in paragraph 27 of the Complaint.

28. Responds to the allegations in paragraph 28 of the Complaint by stating that Defendant did not receive any post-petition payments and by otherwise denying the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint and further states that Defendant's (a) administrative expense claim in the amount of $1,038,462 and (b) unsecured claim in the amount of $34,961,538 should be allowed in full.

## FIRST DEFENSE

30. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

31. The Committee's claims are barred, in whole or in part, because the payments complained of were made in the ordinary course of business and according to ordinary business terms, with the meaning of 11 U.S.C. § 547(c)(2).

## THIRD DEFENSE

32. The Committee's claims are barred, in whole or in part, because the payments complained of constituted a contemporaneous exchange, within the meaning of 11 U.S.C. § 547(c)(1).

## FOURTH DEFENSE

33. The Committee's claims are barred, in whole or in part, because, subsequent to Defendant's receipt of the payments complained of, Defendant gave new value to the Debtors, within the meaning of 11 U.S.C. § 547(c)(4).

WHEREFORE, Defendant demands judgment as follows:

    A.    Dismissing the Complaint with prejudice;

    B.    Awarding Defendant its costs and reasonable attorneys' fees; and

    C.    Granting Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 10, 2009

    PROSKAUER ROSE LLP

    By: /s/ Jeffrey W. Levitan
       Jeffrey W. Levitan
       Michael T. Mervis

    PROSKAUER ROSE LLP
    1585 Broadway
    New York, NY 10036-8299
    Phone: 212.969.3000
    Fax: 212.969.2900

    *Attorneys for Defendant*