UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re

BH S&B HOLDINGS LLC, *et al.*,

      Debtors.

---------------------------------------------------------x
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, on behalf of DEBTORS,

              Plaintiffs,

     v.

45220 INC.,

             Defendant.
---------------------------------------------------------x

Chapter 11

Case No. 08-14604 (MG)

(Jointly Administered)

Adv. Pro. No. 09-01352 (MG)

## JOINT STIPULATION AND ORDER
## REGARDING ELECTRONIC DISCOVERY SEARCH PROTOCOL

      WHEREAS, the Official Committee of Unsecured Creditors (the "Plaintiff") and 45220 Inc. (the "Defendant"; and together with Plaintiff, the "Parties"; and each a "Party") in the above-captioned adversary proceeding (the "Adversary Proceeding") both have electronically-stored information ("ESI") that is or may be discoverable; and

      WHEREAS, the Parties have respectively served document demands; and

      WHEREAS, the Parties seek to enter into the <u>broadest claw back agreement permissible</u> to eliminate the risk of waiver of any privilege due to the voluminous nature of discovery in this Adversary Proceeding and to ensure the exchange of documents <u>without any risk</u> of waiver of privilege; and

      WHEREAS, the Parties have determined that certain protocols and procedures with respect to discovery of ESI (the "Joint Protocol") and compliance with the following Joint

Protocol constitutes a reasonable search and complete compliance with the Parties' respective duties relating to production of ESI;

NOW THEREFORE, it is hereby STIPULATED, AGREED, AND ORDERED as follows:

## **JOINT PROTOCOL AGREEMENT AND ORDER**

1. Each Party initially shall search their respective ESI for the following terms:

    1. Sarah Jessica
    2. Sarah Jessica Parker
    3. Bitten
    4. 45220
    5. Endorsement Agreement
    6. SJP
    7. Royalty
    8. Royalties
    9. Sales Report
    10. Category Report
    11. Flash Report
    12. Liquidation Report
    13. Solvency
    14. Insolvency
    15. Balance Sheet
    16. itten
    17. tten

2. All ESI shall be produced in its currently-stored formats.

3. All documents and all ESI that have been or will be produced shall be deemed to be "Confidential" pursuant to the Stipulated Protective Order dated February 6, 2009 entered in the above-captioned Bankruptcy Cases [Docket No. 326] ("Stipulated Protective Order"). The requirements for maintaining confidentiality and the exceptions thereto, as set forth in the Stipulated Protective Order shall apply as set forth therein.

4. Each Party's obligation to provide discovery (ESI or otherwise) shall be continuing throughout the pendency of the Adversary Proceeding.

5. This Stipulation and Order does not apply to the search or production of documents that are in the possession, custody or control of any Party in hard-copy format.

6. The Joint Protocol described herein shall constitute each Party's sole responsibilities with respect to ESI and is designed to avoid an undue hardship under Fed R. Civ. P. 26, taking into account all relevant factors, provided, however, that nothing contained herein shall relieve any Party of their other discovery obligations, including, without limitation, to the provision of written responses and objections and supplementation, as appropriate.

7. Accordingly, each Party who complies with the terms of this Stipulation and Order shall be deemed to have made an adequate and reasonable production of documents in connection with ESI, subject to each Party's continuing obligations as set forth in Paragraph 4 of this Stipulation and Order.

## CLAW BACK AGREEMENT AND ORDER

8. Any disclosure or production of documents or information (ESI or otherwise) that is protected by the attorney-client privilege, work-product doctrine or any other similar privilege, doctrine , or protection (sometimes collectively referred to herein as "Protected Documents") is hereby agreed to be inadvertent and will not constitute a waiver of any available privilege, doctrine or protection by the disclosing Party. It is specifically agreed by the Parties that there is no time limit or expiration on the ability to claw back inadvertently disclosed ESI or other documents or rebut such an assertion.

9. In the event that the receiving Party discovers that it has received Protected Document(s) (ESI or otherwise), or any other privileged document or ESI, it will bring that fact to the attention of the producing Party promptly upon so discovering.

10. Notwithstanding anything to the contrary and under no circumstances are privileged documents (ESI or otherwise) admissible in any proceeding.

11. Subject to the applicable provisions of this Protocol, including but not limited to paragraph 13, upon the request of the producing Party, which request shall be made promptly upon the producing Party's discovering that a Protected Document(s) has been produced, , the receiving Party shall promptly

    a. return to the producing Party any Protected Document(s) and any copies that the receiving Party may have made,

    b. destroy any and all electronic copies of the same,

    c. notify all parties who have received the relevant Protected Document(s) from the receiving Party and ensure that all hard copies of such Protected Document(s) given by the receiving Party are returned to the producing Parties and all electronic copies are destroyed, and

    d. certify to the producing Party that all hard copies of the Protected Document(s) have been returned and all electronic copies have been destroyed.

12. No such inadvertently produced attorney-client privileged, work-product-protected, or any other privileged documents or information may be used in evidence against the producing Party in this Adversary Proceeding as well as any and all appeals, related proceedings or for any other purpose.

13. Notwithstanding anything contained in this Joint Protocol to the contrary, if the receiving Party disputes the producing Party's claim of privilege, the Parties shall meet and confer (either in person or telephonically) with respect to the dispute. If after the meet and confer the dispute remains unresolved, the Parties shall exchange letter briefs within seven days to each other (and such briefs shall not be filed with the Court), each of which is limited to no longer than three (3) pages, single spaced, outlining each Party's position with respect to the disputed documents or information. If after seven days after receiving the briefs, the Parties have not resolved the issue of whether the document(s) is a Protected Document, , the Parties shall advise the Court in accordance with its rules. If letter briefs are ultimately filed with the Court, they may only be filed under seal pursuant to the terms of the Stipulated Protective Order and shall not include copies of the documents or information in dispute, which will only be provided for *in camera* review upon request of the Court.

14. This Claw back Agreement and Order is desired and designed to be the broadest permitted under law in time, scope, protection or otherwise, to encourage the exchange of information in a reasonable and efficient manner.

**WE SO STIPULATE:**

ARENT FOX LLP


By:     __*/s/* Robert M. Hirsh_____
        Robert M. Hirsh, Esq.
        1675 Broadway
        New York, New York 10019
        Telephone: (212) 484-3900

        Attorneys for the Official Committee of
        Unsecured Creditors

SARNA & ASSOCIATES, P.C.


By:     /s/ James A. Sarna
      James A. Sarna
      328 North Broadway, 2nd Floor
      Upper Nyack, NY 10960
      Telephone: (845) 348-9822

      Attorneys for 45220, Inc.


**SO ORDERED:**

DATED this **17th day of February, 2010**

                                                     **/s/Martin Glenn**
                                                     United States Bankruptcy Judge